**WO**                                                                      JDN

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Pedro Membrillo-Cid,                    )       No. CV 06-1687-PHX-MHM (JRI)
                                        )
      Plaintiff,                          )       **ORDER**
                                        )
vs.                                     )
                                        )
Joseph M. Arpaio,                       )
                                        )
      Defendant.                          )
                                        )
_____)

In this civil rights action brought by a county jail inmate, Defendant moved to dismiss for lack of exhaustion (Doc. #7). Plaintiff responded and Defendant replied (Doc. ##9, 14). The Court will deny Defendant's motion.

**I. Background**

Plaintiff sued Sheriff Joseph Arpaio and alleged that his constitutional rights were violated by inadequate food, overcrowding, and unsanitary conditions at the jail (Doc. #1). In his verified Complaint, Plaintiff indicated that these three claims were non-grievable issues (Id. at 4-6). The Court ordered an answer, and Defendant filed a Motion to Dismiss (Doc. ##3, 7).

In his motion, Defendant contended that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) (Doc. #7). In support, Defendant submitted the affidavit of Zelean Tademy, a Hearing Officer for inmate discipline and grievances (Ex. 1, Doc. #7). Tademy attested that, according to the sheriff's office records, Plaintiff did not file any grievances or External

Appeals during his confinement at the jail (Tademy Aff. ¶¶ 4-5). Defendant also attached a copy of the Inmate Grievance Procedure, Policy DJ-3 (Attach. A, Doc. #7).

The Court issued an order informing Plaintiff of his obligation to respond and the evidence necessary to successfully rebut Defendant's contentions (Doc. #8). In response, Plaintiff submitted an affidavit (Doc. #9). Plaintiff attested that he made several requests for grievance forms but was repeatedly told that the issues he sought to grieve were not grievable (Pl. Aff. ¶¶ 2, 4). Plaintiff specifically alleged that he "constantly approach[ed]" Officer Rodriguez, badge #A9108, for grievances; however, Rodriguez told him that the Sergeant said the issues were non-grievable (Id. ¶ 4). Plaintiff further attested that two other officers, identified by badge #'s B0111 and B0273, also refused to give him grievance forms for the reason that the issues were non-grievable (Id. ¶¶ 4-5 (¶ 5, at 3, is unmarked)). Attached to his affidavit were copies of three Inmate Request Forms in which he requested grievance forms (Attachs., Doc. #9). The first form is dated June 27, 2006, and is signed by Officer Rodriguez (Id.). The second form is dated June 28 and signed by badge #B0111. And the third form is dated July 17, 2006 and signed by badge #B0273 (Id.).

After the Court granted additional time to reply, Defendant filed a reply arguing that Plaintiff's claim that he was denied access to the grievance process is not credible (Doc. #14). Defendant submitted the affidavit of Susan Fisher, another Hearing Officer for inmate discipline and grievances (Ex. 1, Doc. #14). Fisher attested that on June 28, 2006 - the date of Plaintiff's second Inmate Request Form for a grievance – 8 grievances were filed at the Lower Buckeye Jail (Fisher Aff. ¶ 4). She further attested that on July 17, 2006, 6 grievances were filed at the same facility (Id. ¶ 5).

Plaintiff filed a response to the Court's Order granting Defendant additional time to reply and argued that Defendant failed to timely reply (Doc. #15). Plaintiff requested a "Demand for Judgment" and sanctions against Defendant. Plaintiff also filed a sur-response to Defendant's reply and reasserted that he attempted – both verbally and in writing – to file grievances, but the officers' denials prohibited Plaintiff from grieving his claims within 48 hours as required under the Rules and Regulations for Inmates (Doc. #16).

## II. Legal Standard

Plaintiff must first exhaust "available" administrative remedies before bringing this action. <u>See</u> 42 U.S.C. § 1997e(a); <u>Vaden v. Summerhill</u>, 449 F.3d 1047, 1050 (9th Cir. 2006); <u>Brown v. Valoff</u>, 422 F.3d 926, 934-35 (9th Cir. 2005). He must complete the administrative review process in accordance with the applicable rules. <u>See</u> <u>Woodford v. Ngo</u>, 126 S. Ct. 2378, 2384 (2006). Exhaustion is required for all suits about prison life, <u>Porter v. Nussle</u>, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001).

Exhaustion is an affirmative defense. <u>Jones v. Bock</u>, 127 S. Ct. 910, 919-921 (2007). Defendant bears the burden of raising and proving the absence of exhaustion. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. <u>Id.</u> at 1119-20. Further, a court has broad discretion as to the method to be used in resolving the factual dispute. <u>Ritza v. Int'l Longshoremen's & Warehousemen's Union</u>, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

## III. Analysis

As stated, Defendant bears the burden of proving lack of exhaustion, and therefore must demonstrate that there were remedies available to Plaintiff. <u>See</u> <u>Wyatt</u>, 315 F.3d at 1119; <u>Brown</u>, 422 F.3d at 936-37. "If prison employees refuse to provide inmates with those [grievance] forms when requested, it is difficult to understand how the inmate has any available remedies." <u>Dale v. Lappin</u>, 376 F.3d 652, 656 (7th Cir. 2004) (<i>per curiam</i>); <u>accord</u> <u>Mitchell v. Horn</u>, 318 F.3d 523, 529 (3d Cir. 2003); <u>Miller v. Norris</u>, 247 F.3d 736, 740 (8th Cir. 2001). The information provided by the jail to the prisoner is pertinent because "it informs our determination of whether relief was, as a practical matter, 'available.'" <u>Brown</u>, 422 F.3d at 937. Although Defendant demonstrated that a grievance system exists at the jail, he failed to proffer any evidence refuting Plaintiff's claim that he was denied grievance forms for his three counts.

1      Defendant argued that Plaintiff failed to attempt to exhaust his administrative
2  remedies prior to filing this action because his requests for a grievance form came on the
3  same day, and then weeks after, he filed his Complaint (Doc. #14 at 3).  However, Plaintiff's
4  evidence demonstrates that one written request for a form was submitted prior to the filing
5  date (Attach. 1, Doc. # 39).  Another written request for a form is dated the same day as his
6  Complaint; thus, it cannot be determined whether his request for a form came before or after
7  he "filed" his Complaint (Id., Attach. 2).  Regardless, Policy DJ-3 does not require inmates
8  to submit Inmate Request Forms to obtain grievance forms; such forms are to be provided
9  to inmates upon request (Attach. A at 2, Doc. #7).  Defendant did not address Plaintiff's
10  sworn statement that Officer Rodriguez repeatedly denied him grievance forms.  Notably,
11  there are no affidavits from the identified officers to rebut Plaintiff's allegations that they
12  informed him the issues were not grievable.  Defendant's evidence showing that other
13  grievances were filed on the days that Plaintiff requested forms in writing is insufficient to
14  support his motion.  There is no description of what these grievances concerned; therefore,
15  they may well have been other issues that were considered "grievable."  Without more,
16  Defendant has failed to rebut Plaintiff's claim that he was denied grievance forms, and the
17  policy does not inform an inmate what to do if denied forms.

18      In sum, Defendant's evidence is insufficient to refute Plaintiff's sworn statements that
19  he was prevented access to the administrative grievance process.  Because Defendant has
20  failed to carry his burden, the Court will deny the motion without prejudice.

21      Plaintiff's "Response to Order" that granted Defendant's request for additional time
22  to reply is construed as a motion for reconsideration (Doc. #15).  In light of the Court's
23  decision to deny the Motion to Dismiss, Plaintiff's response is moot.  His request for
24  damages and sanctions, and demand for judgment will be denied.

25  ///
26  ///
27  ///
28  ///

**IT IS ORDERED**:

(1) Defendant's Motion to Dismiss (Doc. #7) is **denied** without prejudice.

(2) Plaintiff's Response to Order (Doc. #15), construed as a motion for reconsideration, is **denied**.

DATED this 27th day of February, 2007.

Mary H. Murgula
United States District Judge