SRM

**WO**

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Pedro Membrillo-Cid,**<br>Plaintiff<br>-vs-<br>**Joseph M. Arpaio, et al.,**<br>Defendants | CV-06-1687-PHX-MHM (JI)<br><br>**ORDER** |

**Failure to File Notice of Change of Address** - On January 3, 2008, mail from the Clerk of the Court to Plaintiff was returned undeliverable, reflecting that Plaintiff was "no longer in custody" (#46). Plaintiff had not filed a notice of change of address. In the Notice of Assignment issued July 6, 2006 (#2), Plaintiff was warned that dismissal could result from failure to file a notice of change of address. In an Order entered August 9, 2006 (#3), Plaintiff was cautioned that failure to immediately file a notice of change of address "may result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure."

**Previous Order to Show Cause** - The Court noted that Defendants' Motion for Summary Judgment, filed December 12, 2007 (#43), lists an address for Plaintiff at an institution in Oklahoma. This corresponds with information provided on the Arizona Department of Corrections website. Consequently, on January 25, 2008, Magistrate Judge Irwin issued an order to show cause (#47), giving Plaintiff 15 days to Plaintiff either (1) show cause as to why this action should not be dismissed for failure to prosecute or (2) file a notice of change of address with the court, reflecting Plaintiff's current address. That order directed service on Plaintiff at his address of record, and at the Oklahoma address. The copy of that order forwarded to the address of record was forwarded to Oklahoma, but was returned undeliverable. (#48)

**Failure to Prosecute** - Plaintiff has the general duty to prosecute this case. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the duty of a plaintiff who has filed a pro se action to keep the Court apprised of his or her current address and to comply with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of his new address constitutes failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action." *In Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *Id.* at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey*, 856 F.2d at 1440 (*quoting Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to keep the Court informed of his address prevents the case from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. Without Plaintiff's current address, however, certain alternatives are bound to be futile. Here, as in *Carey*, "[a]n order to show cause why

dismissal is not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail." 856 F.2d at 1441.

The Court finds that only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, the Court finds that a dismissal with prejudice would be unnecessarily harsh. The Complaint and this action will therefore be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**Motion for Summary Judgment** - In the meantime, Plaintiff has failed to respond to Defendants' Motion for Summary Judgment (#43). Plaintiff was instructed to file that response by February 14, 2008. (Order 12/18/07, #45.)

**IT IS THEREFORE ORDERED** that pursuant to Rule 41(b) of the Federal Rules of Civil Procedure this action is dismissed without prejudice and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment, filed December 12, 2007 (#43) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk of the Court transmit a copy of this Order to Plaintiff's address of record and to Plaintiff at: Diamondback Correctional Facility, Rural Route 2, Box 336, Watonga, Oklahoma 73772.

DATED this 29th day of February, 2008.

_____
Mary H. Murguia
United States District Judge